ELIZABETH A. MURRAY *v.* JEREMIAH MURPHY et al.

1. PROBATE COURT : BILL OF REVIEW : PROBATE OF WILL IN COMMON FORM NOT FINAL.—The decree of the Court of Probates, admitting a will to probate in common form, is not final, but a mere incipient step necessary to enable the court to proceed to carry out the will; and hence is not subject to be reviewed and reversed by a bill of review.   See *Kelly* v. *Davis,* 37 Miss. R. 76.

2. SAME : WILL, HOW CONTESTED.—Where a will has been admitted to probate in common form as a will of realty, and it appears from the records that it was attested and proved by three witnesses, the proper mode in

Elizabeth A. Murray *v.* Jeremiah Murphy et al.

which to contest its attestation and probate as a will of realty is to petition for an issue *devisavit vel non.*

3. WILL: EFFECT OF PROBATE IN COMMON FORM GENERALLY.—When a will, attested and proved by the requisite number of witnesses to dispose of personalty, but not attested and proved by the number of witnesses requisite to devise realty, is admitted to probate generally, the probate will simply extend to it as a will of personal estate.

4. WILL: HOW ATTESTED, WHAT NECESSARY.—The particular part of a will on which the attesting witnesses subscribe their names is immaterial; it is sufficient if the attesting witnesses sign their names *upon* the *paper*, in presence of the testator, in testimony that it was signed and published by him as his will. See *Fatheree* v. *Lawrence*, 33 Miss. R. 585–624.

5. WILL: EFFECT OF CERTIFICATE OF ACKNOWLEDGMENT MADE BY ONE OF THE WITNESSES.—If one of the subscribing witnesses to a will, being a justice of the peace, prefix to his signature a certificate of acknowledgment of the will by the testator in the ordinary form of certificates of acknowledgments of deeds, &c., it will not vitiate his attestation. The certificate is superfluous and useless, and cannot have the effect to impair his signature, which was the essential act to be done.

6. PROBATE COURT: DEMURRER DOES NOT ADMIT ALLEGATION SHOWN BY PETITION TO BE FALSE.—A demurrer to a petition is no admission of the truth of an allegation, where such an allegation is shown to be unfounded by a record incorporated into the petition.

APPEAL from the Court of Probates of Madison county.  Hon. J. H. Postell, judge.

In May, A. D. 1860, Elizabeth Murray, the appellant, and widow of the testator, filed her petition in the court below against the executor and heirs at law and devisees in the will of testator, in which she alleged that at the preceding March term of that court the will of her late husband had been admitted to probate in common form. The petition set out literally the will, and the decree of the court admitting it to probate and record. The will disposes of real estate, and at the end of the writing is subscribed as follows:

"ROBERT MURRAY. [SEAL.]
" J. S. WHITWORTH.
" JOHN HARGON."

And on the reverse page is the following:

" THE STATE OF MISSISSIPPI, MADISON COUNTY:
" Personally appeared before me, G. W. Grafton, an acting justice of the peace in the above-named county, Robert Murray, who acknowledged that

he signed, sealed, and delivered the within will and testament, for the purposes therein specified, as his own proper act and deed.

"Given under my hand and seal, this seventh day of March, A. D. 1860.

"G. W. GRAFTON, J. P.   [SEAL.]

"Attest:
      "J. S. WHITWORTH.
      "JOHN HARGON."

The decree probating the will, among other things, recites, that "on the second day of the term, personally appeared in open court John Hargon and G. W. Grafton, who, each being duly sworn, stated, on oath, that they were each present at the execution of said instrument, and that Robert Murray published and declared the same to be his last will and testament in the presence of each and all three of the said witnesses, and that each and all of the three subscribing witnesses subscribed their names thereto as witnesses in the presence of the testator and in the presence of each other; and the witness, G. W. Grafton, stated that he had signed his name in an official capacity simply because he believed, as did others present, that it would give additional validity to his signature by prefixing thereto his official certificate; that he intended thereby to make himself a witness to the said instrument, and that he signed intending to be an attesting witness thereto."

And on the sixth day of the term "appeared in open court J. S. Whitworth, who, being duly sworn, stated, on oath," that the testator, on the day of the date of said will "published and declared said paper to be his last will and testament in the presence of the persons whose names were appended, and that witnesses Hargon and Grafton each subscribed their names thereto as attesting witnesses in the presence of each other, and in the presence of the testator, and by his direction."

The decree then proceeds: "Therefore the premises being considered, the court doth order, adjudge, and decree that said paper, dated 7th March, 1860, and attested as aforesaid, be and the same is hereby established as the true last will and testament of Robert Murray, and that the same be recorded and admitted to probate."

The petition further charged that so much of said decree as

ordered the probate of said instrument as a will of real estate was erroneous, because there were only two attesting witnesses. The prayer is, that the court reverse so much of said decree as probates the will as a will of realty, and that the same be reversed and set aside.

The defendants demurred to the petition, and assign for causes:

1. There is no error appearing on the face of the decree.

2. No subsequent or newly-discovered facts are alleged to justify a review of the decree.

3. The decree sought to be reviewed is not final.

4. The statute providing for contesting a will does not authorize a bill of review for that purpose.

5. The petition is not a bill of review, nor any complaint known to the law.

The demurrer was sustained and petition dismissed, and the petitioner appealed.

*Lucket* and *Fearn*, for appellant,

Insisted that the petition filed was a proper proceeding; that, though inartificially drawn, it might and ought to be treated as a petition for an issue *devisavit vel non;* that the will was without the requisite number of witnesses for realty. That Grafton could not be considered in any sense as an attesting witness. He appears on the paper as an officer taking the acknowledgment of an instrument not entitled in law to be proved in that way, and hence his whole action was simply void; and his certificate, in the form in which it is written, and for the purpose for which it was written, being simply a nullity, could not now have the effect, contrary to its purport, of making his signature the third name of an attesting witness.

*Nye* and *Hill*, for appellees,

Argued that the decree sought to be reviewed was not final, being a mere incipient step in the execution of the will, and hence could not be reviewed. *Cowden* v. *Dolyns,* 5 S. & M. 82. That the proper proceeding was to file a petition for an issue *devisavit vel non,* alleging such facts as would in law vacate the will.

That this will was properly attested by three witnesses. That

the law did not prescribe any form for the attestation, except that it should be in the presence of the testator. The attestation might therefore be on any part of the paper ; and that the signature of Grafton, though affixed to a certificate acknowledgment, was nevertheless good as an attesting witness, if so intended by him and testator. They relied upon *Fatheree and wife* v. *Lawrence,* 33 Miss. R. 624, as conclusive of the case.

*F. Smith,* on same side,

Made the following points :

1. If the *animus testandi* sufficiently appears, it makes no difference that testator supposed he was making a deed ; Williams on Exors. marg. pages 55, 56 ; Chilton's Probate Court Law, p. 46–48 ; *Wall* v. *Wall,* 30 Miss. R. 91 ; so the acknowledgment of it as if it were a deed does not vitiate it.

2. Grafton's signature is sufficient as an attesting witness; the law requires no particular form of attestation. *Fatheree* v. *Lawrence,* 33 Miss. R. 624 ; Chilton's Probate Law, secs. 18, 19, 20 ; 2 Greenl. Ev. sec. 676.

3. The law being complied with on the face of the decree and of the will, it was incumbent on appellant, in order to get a review of the decree, to have alleged newly-discovered facts. Mitford's Ch. Pl. marg. pages 84, 88, 89 ; *Cole et al.* v. *Miller,* 32 Miss. R. 101. And in such a case she ought to have prayed for an issue *devisavit vel non.* Lomax on Exors. marg. pages 29, 31; *Payne* v. *Banks,* 32 Miss. R. 292.

4. The decree in the Probate Court was not final, and therefore not subject to a bill of review.

HANDY, J., delivered the opinion of the court :

This was a petition in the Court of Probates, in the nature of a bill of review, filed by the appellant, the widow, and also a legatee and devisee under the will, of Robert Murray, deceased, praying that the probate of the will granted at a previous term should be corrected and set aside, so far as the will was admitted to probate as *applicable to the real estate of the testator;* alleging, as the ground of the relief sought, that there were only two attesting witnesses to the will.

The petition sets forth the will, and the orders and proceedings in the Court of Probates when the will was admitted to probate. The appellees demurred to the petition, and upon the hearing of the demurrer it was sustained, and the petition dismissed.

An objection was taken to the petition by the demurrer, which appears to us to be fatal to it. It is, that a bill of review will not lie to an order of the Probate Court admitting a will to probate.

The probate is not a final adjudication of the validity of the will, but an incipient step necessary to enable the court to proceed to carry the will into execution. *Kelly* v. *Davis*, 37 Miss. R. 76. It is not conclusive against the heirs and distributees; and if they desire to contest the validity of the will, the statute prescribes the mode in which that shall be done, by an issue of *devisavit vel non.* If it appear by the record that it has been admitted to probate generally, when it appears not to have been subscribed and proved by the requisite number of attesting witnesses to render it effectual as a will disposing of real estate, but is attested and proved by the number of witnesses requisite to its validity as to the personalty, the probate would simply extend to it as a will of the personal estate. But if it appears by the record to be attested and proved by three witnesses, a bill of review is not the proper mode of having it declared invalid as to the real estate, upon the face of the record, as was here attempted. The remedy is that prescribed by the statute.

In answer to this objection it is said that the petition should be regarded as an application for an issue of *devisavit vel non.* But that is plainly not its character. It does not pray for an issue to be tried, but alleges that the probate is "erroneous" as to the real estate, and prays that it may be "reviewed and reversed" as to the real estate.

But upon the merits of the case and upon the facts shown by the petition, it is clear that the will was properly executed as to the real estate.

The face of the will, which is set out in the petition, shows, opposite the signature of the testator to the instrument and in the place where the names of attesting witnesses are usually

written, the names of "J. S. Whitworth and John Hargon." On the reverse page of the same paper there appears a certificate of a justice of the peace, stating that the testator on the day of its date "signed, sealed, and delivered the within will and testament, for the consideration and purposes therein specified, as his own proper act and deed." This is signed "G. W. Grafton, J. P.," and also as follows: "Attest, J. S. Whitworth, John Hargon." The petition also sets forth the proceedings relative to the probate, showing that John Hargon and G. W. Grafton were examined in court on the question of the probate, and stated, among other things, that the testator "published and declared the paper to be his last will and testament, in the presence of each and all three of said witnesses, and that each and all of the three attesting witnesses subscribed their names thereto as witnesses in the presence of the testator and of each other; that the witness Grafton stated that he signed his name in his official capacity, because he and the other witnesses believed that it would give greater validity to his signature by prefixing thereto his official certificate, but that he intended thereby to be an attesting witness to the will; that the witness Whitworth testified to the publication of the will by the testator in the presence of the persons whose names are subscribed to it, and that "the witness and Hargan and Grafton each subscribed their names thereto as attesting witnesses in the presence of each other and of the testator, and by his direction;" and, upon this evidence as to the attestation, the will was ordered to be admitted to probate.

There can be no question of the sufficiency of this attestation as to all of the three witnesses. The certificate was intended and *signed* by Grafton as an attestation to the execution of the will; and the two other witnesses also signed their names to it for the same purpose, and all in the presence of the testator. Though the certificate is useless, yet the *signature* of Grafton as a subscribing witness, which was the essential thing and that which was intended, is valid. The superfluous certificate cannot invalidate the regular signature; for *utile per inutile non vitiatur.* And as to the place of signature of the attesting witnesses, all that was necessary for that purpose was, that the witnesses should sign their names *upon the paper*, in the presence of the testator, in

testimony of the fact *that it was the paper signed and published by him as his will.* *Fatheree* v. *Lawrence,* 33 Miss. R. 585–624.

It is, however, urged that, as the petition alleges that the will was signed by but two attesting witnesses, and this is admitted by the demurrer, this allegation must be taken as true as the case is now presented. But the will and the record of the proceedings in relation to the probate are incorporated into the petition; and, indeed, the very ground on which it is based is, that there appears to be error in the record and proceedings in relation to the probate. If the record thus shown negatives the allegation of the petition, the appellee is not concluded, by his demurrer, of the benefit of the facts shown by the record, which is made part of the petition, and which must necessarily be taken into view in considering the petition; but it must be taken that the allegation is not supported by the record on which it purports to be founded.

Let the decree be affirmed.