## PAYNE *v.* PAYNE.

Decided April 18, 1891.

*Will—Execution—Witnesses.*

> A will is duly executed where it was subscribed in the presence of one attesting witness, and then taken by the testator to a justice of the peace to whom he pointed out his signature, declared the writing to be his will, and procured the justice to sign and certify the will in his official capacity. The certificate, though superfluous, does not vitiate the attestation by the justice.

APPEAL from *White* Circuit Court.

M. T. SANDERS, Judge.

*W. R. Coody* for appellant.

1. The testimony is sufficient to show that T. L. Payne used unfair, improper and undue influence with the testator to induce him to make a will in the interest of himself.

2. The will was not properly executed. Mansf. Dig., sec. 6492; 10 Paige, 85; 43 Am. Dec., 644; 37 *id.*, 251; 36 N. Y.; 18 N. E. Rep., 433.

*House & Cantrell* for appellee.

1. There is no testimony to warrant a conclusion or even an inference that there was any undue influence exerted by Thomas L. Payne or any one else. But this question was submitted to a jury, and they have found against that contention. The instructions on this point are the law. 49 Ark., 371; 13 *id.*, 475; 19 *id.*, 551.

2. The testimony shows a substantial compliance with the statute with regard to the execution and attestation of the will. Mansf. Dig., sec. 6492; 13 Ark., 475; 17 *id.*, 292. No form of words is necessary; a substantial compliance is enough. 26 Wend., 332; 36 N. Y., 416; *ib.*, 486; 27 *id.*, 9, 29–30; 25 *id*, 425, and note; 23 *id.*, 9–16; 52 *id.*, 1; 110 *id.*, 278; 2 Barb. Eq. (N. Y.), 40; 6 Ohio St., 307; 33 *id.*, 598; 1 Metc., 349; 9 Jacob's Fisher's Dig., 13674; 3 Curtis, 151, 547; 1 Vesey, Jr., 11; 9 P. D., 149; 13 P. D., 102; 2 L. R. P., 1; 9 Jacob's Fish. Dig., 13686; 44 L. J. P., 6;

2 L. R. P., 300; 33 Miss., 624. Beam by signing the certificate became an attesting witness. 39 Miss., 220; 17 Ark., 292; 23 N. Y., 9; 51 Ark., 48.

HEMINGWAY, J. The appellant contested the probating of the bill of his father, and from a judgment admitting it to probate prosecutes this appeal.

The first ground of his contest was that the will was obtained by the undue and improper influence of one of the devisees. The court submitted to the jury the issues arising upon this ground, upon a charge which seems to present a fair enunciation of the law. The learned counsel for the appellant directs our attention to no error of the court in its charge in this respect, either in giving or refusing prayers for instructions. The facts are resolved, by the verdict, against the appellant, and we can not say as matter of law that they lead to a different conclusion.

Execution of wills.

The other ground of the contest was that the will was not published and attested as the statute directs. It provides that every will shall be executed and attested in the following manner : " *First.* It must be subscribed by the testator at the end of the will, or by some person for him, at his request. *Second.* Such subscription shall be made by the testator in the presence of each of the attesting witnesses, or shall be acknowledged by him to have been so made to each of the attesting witnesses. *Third.* The testator at the time of making such subscription, or at the time of acknowledging the same, shall declare the instrument so subscribed to be his will and testament. *Fourth.* There shall be at least two attesting witnesses, each of whom shall sign his name as a witness, at the end of the will, at the request of the testator." Mansf. Dig., sec. 6492. It is conceded that the testator subscribed the will in person, and this meets the first requirement. It is further conceded that he subscribed it in the presence of the witness Conner, declared that it was his will, and requested Conner to sign it as a witness. But it was not signed in the presence of any other witness, and it is urged by the appellant that the re-

quirements of the law as to acknowledging the subscription were not observed as to the witness Fisher; that Beam was not asked to sign the will as a witness, but to certify it as a justice of the peace, and that there was but one lawful witness to the will.

The testator handed the will to Fisher, told him that it was his will and asked him to sign it as a witness. It was so folded that Fisher could not see his signature, and he made no acknowledgment that he had subscribed it, unless one may be implied from the statement that it was his will. The court in effect charged the jury that such was the legal implication. This, it is contended, ignores and nullifies the requirement that the testator shall acknowledge that he has made the subscription. Be that as it may, we do not think the court's charge could have prejudiced the appellant. It is an undisputed fact that the testator took the will to Beam, pointed to the signature, said it was his, declared the writing to be his will, and asked Beam to put his certificate as a justice of the peace to it. Beam was a justice of the peace, and signed and certified the will in his official character; but the form in which he attested it is immaterial. The question is, Did the testator acknowledge the signature, declare the writing to be his will, and request Beam to sign it as a witness to those facts; and if so, did Beam sign it in evidence thereof? The evidence shows, as applying to this question, a literal compliance with the law in every respect, except that the testator asked Beam to put his official certificate to the will, instead of formally asking him to sign it as a witness. Was this substantially a request of Beam to sign the will as a witness? He could not make the certificate to the will without signing it, and, in response to the request to make a certificate, did sign it in the presence of the testator. The only object the testator could have had in acknowledging his signature, declaring his will and asking a certificate, was to get Beam as a witness to those facts. They may have ascribed to the certificate of a justice an evidentiary force and dignity not accorded it by the law,

S C—27

but this mistake cannot impair the force which the law accords to attesting signatures, without regard to the station of the signer. The testator, in asking for Beam's certificate, sought to make him a witness to the facts he had acknowledged and declared, and perhaps believed that the official form of attestation would import such indisputable verity as would dispense with further testimony from the witness. While this effect can not be accorded to it, we can see no reason in law or justice why the effect of an ordinary attestation should be denied to it. Whether testifying through his certificate or as a witness in a probate proceeding, Beam was asked to bear witness to the fact that the writing had been subscribed by, and was the will of, the testator. That is the ordinary office of a witness, and as such Beam signed the will.

Upon a state of case much similar to this the Supreme Court of Mississippi ruled that a justice of the peace should be considered as a witness to a will. *Murray* v. *Murphy*, 39 Miss., 219. As the facts relating to Beam's signature are undisputed, the verdict of the jury could not have been different, under any proper instructions. If there was error, it was not prejudicial, and the judgment must be affirmed.