IN THE MATTER OF THE ESTATE OF WENZEL LONGER, Deceased.

**Will: WHAT IS.** An instrument executed and witnessed as provided for in a case of a will, and intended as such by deceased, is such though reciting, "I agree to will."

*Appeal from Washington District Court.*—HON. D. RYAN, Judge.

FRIDAY, APRIL 7, 1899.

This is a proceeding to secure the probate of an instrument purporting to be the will of Wenzel Longer, deceased. The probate was contested and refused, and from such judgment the proponents appeal.—*Reversed.*

*C. J. Wilson* and *H. M. Eicher* for appellants.

No appearance for appellee.

Waterman, J.—The instrument offered for probate was as follows:

"February 17, 1897. I agree to will to Rosie Hinek four hundred and fifty dollars $450.00. Jim Longer a house and lot in Riverside. Any Marek two hundred and fifty dollars $250.00. Barbara Fouchek three hundred dollars $300.00. Mary Hotz five dollars $5.00. Jose Hinek one hundred and fifty dollars $150.00. Fannie Parizk five hundred dollars $500.00. And what remains to Jim Longer's children. The funeral expensis is to be paid by Jim Longer.

"Witnesses                    Vaclav Longer.
          "Justice of the Peace
                    "Ed. Stackman.
          "Jozef Rabas."

Among other objections urged by the contestants, it was said that the instrument is not in fact a will. In addition to the testimony relating to its execution, the court received evidence as to the intent and purpose of Longer in executing it, and made the following finding: "(3) At the time of the signing, subscribing, and execution of said instrument as aforesaid, said Vaclav Longer was of sound and disposing mind; and said instrument was voluntarily executed by him, with knowledge of its provisions, without any undue influence or fraud exerted upon him in the execution of the same. (4) The parol evidence introduced shows that at the time of the signing and execution of said instrument, Exhibit A, the said Vaclav Longer thought he was thereby executing his last will and testament, and intended the said instrument, Exhibit A, at the time of its execution, to be and constitute his last will

and testament. (5) At the time and place of the execution
of said instrument, the said Vaclav Longer requested the
witnesses thereto, to-wit, Ed. Stackman and Jozef Rabas, to
subscribe their names to said instrument as witnesses to his
will; and in obedience to said request, properly and correctly
communicated, the said witnesses did at said time and place
properly subscribe their names to said instrument, and wit-
nessed the same, as the last will and testament of the said
Vaclav Longer. (6) The said instrument, Exhibit A, was in
every manner and form executed and witnessed in full and
complete compliance with the provisions for the execution,
signing, and witnessing of wills in the state of Iowa, except
as hereinafter stated: Said Vaclav Longer died on or about
the 28th day of February, 1898, near Lone Tree, in Johnson
county, Iowa, and said instrument, Exhibit A, was executed
at the same place. (7) At the time of the death of said Vaclav
Longer, he was upwards of sixty years old; and he was the
owner of a house and lot, located in Riverside, in Washington
county, Iowa, and about two thousand dollars ($2,000) in
personal property. (8) Said Vaclav Longer, deceased, made
no effort to execute a will, except the execution of Exhibit A,
offered in evidence in the trial of this cause; and said Vaclav
Longer and James Longer are one and the same person. (9)
The court further finds that the said instrument, Exhibit A, is
not sufficient in its terms to constitute a will or testament,
in that the same has no expression or terms of bequest or
devise to any parties therein named, or any other person.
Therefore the finding of the court herein is against the pro-
ponents, and the said instrument, Exhibit A, is refused admis-
sion to probate as the last will and testament of Vaclav Longer,
deceased, and hereby declared, from its terms, to constitute no
will. D. Ryan, Judge."

We cannot agree with the conclusion of law announced
by the trial court. No particular form is required for a will.
Much latitude is allowed in the construction of such instru-
ments. *Wescott v. Binford,* 104 Iowa, 645, 651, 652. The

main object of the courts is to learn the intention of the maker. The intention being known, all inartificiality of language or looseness of expression must yield to, and be governed by it. Different papers may be construed together, as constituting a will. An instrument in the form of a deed, but executed with the formalities of a will, and by its terms to take effect after death, has been held a will. *In re Lautenschlager's Estate,* 80 Mich. 285 (45 N. W. Rep. 147). See, also, Schouler Wills, section 265. Furthermore, we may say that, in the absence of all extrinsic evidence as to the intention of Longer, we think the trial court allowed undue force and weight to the word "agree," as used in this instrument. If this was an agreement only, it was unilateral, and there is no pretense of consideration. To consider the instrument as a naked promise to make a will is to let go for naught all the formalities of its execution. Looking to the writing alone, and it appears that the words "I agree to will" mean nothing else than "I do will." The words "I agree to sell," in a contract, have been held to import a present sale. *Ives v. Hazard,* 4 R. I. 16. See, also, *Martin v. Adams,* 104 Mass. 262; *Baldwin v. Humphrey,* 44 N. Y. 609. But, aside from these considerations, the finding of the court that this instrument was intended to create a testamentary gift is controlling. Schouler Wills, section 272. To ascertain this intent, when the terms of the writing are not clear, collateral evidence may be received, as was done in this case. Schouler Wills, section 273. When the *animus testandi* is established, the character of the instrument is fixed. It is a will.

What construction should be given certain provisions of this instrument, in view of the court's finding that Jim Longer named in the will, is identical with the testator, is a matter upon which we are not called on to express an opinion. An instrument may be entitled to probate, though some of its terms are meaningless.—REVERSED.