IN THE MATTER OF THE PROBATE OF THE WILL OF MARGARET A. HULL, Deceased, HORATIO HULL, Proponent, v. A. H. HULL et al, Contestants, Appellants.

Wills: SUBSCRIBING WITNESS: *Manner of Signing.* A subscribing witness who is competent and who is also a notary public may sufficiently witness the execution of a will by affixing his 'certificate of acknowledgment to the same, when requested by testatrix to act as a witness.

ATTESTATION CLAUSE: *Not essential.* An attestation clause is not essential to the sufficiency of the attestation.

ATTESTATION: *Prima facie proof of.* An attestation clause reciting proper publication, signed by two witnesses whose signatures are proven to be genuine, is *prima facie* proof of attestation, though but one of the witnesses testifies to the transaction.

ATTESTATION CLAUSE: *Not conclusive of due publication.* It may be shown that the actual publication of a will was not sufficient, though a proper attestation clause duly signed is affixed.

PUBLICATION OF WILL: *Evidence.* Evidence considered and held not to show sufficient publication of will.

REQUEST OF WITNESSES TO SIGN: *What amounts to.* Where witnesses sign in the presence of testator, with his knowledge that they are signing in response to a request by a third person and he makes no objection, the will is sufficiently witnessed.

WITNESSES MAY SIGN SEPARATELY. In the absence of statute it is not necessary that the witnesses attest a will in the presence of each other.

EXECUTION AND ATTESTATION OF WILL: *Question for jury.* The sufficiency of the execution and attestation of a will is for the jury to determine, and it is error for the trial court to instruct that the same has been done.

EVIDENCE: *Exclusion of altered clause.* The court may properly exclude from the evidence an immaterial clause in a will, which has been altered subsequent to execution and attestation of the will.

SANITY OF TESTATOR: *Presumed.* In the probate of a will the sanity of the testator is presumed until there is evidence to the contrary.

Exclusion of Testimony: OBJECTION TO QUESTIONS: *Motion to strike.* Objection to questions calling for incompetent testimony under Code, section 4604, should be made when the questions are asked, and if incompetent testimony is given in response to a question calling for that which is competent, a motion to strike should be made at once, and not at the conclusion of the testimony of the witness.

Testimony: *Competency as to sanity and insanity.* A witness who shows qualification may testify affirmatively as a matter of opinion that testatrix was of sound mind, while an opinion of unsoundness must be based upon particular acts or conduct indicating unsoundness.

Qualification of witness: *Discretionary with court.* The qualification of a witness to testify regarding sanity is largely a discretionary matter with the trial court.

Certain testimony examined and held unobjectionable under Code, section 4604.

Evidence: OBITUARY NOTICE: *Competency of.* An obituary notice published with the sanction of one of the contestants of a will, is not binding upon other contestants, and is incompetent to prove an admission of the sanity of testatrix, or for the purpose of impeaching a-contestant who testifies to the insanity of testatrix.

Instructions: *Complaint as to sufficiency.* Where instructions are not erroneous and no others are asked, complaint that same are insufficient will not be heard.

*Appeal from Washington District Court.*—Hon. W. G. Clements, Judge.

Wednesday, April 9, 1902.

Proceeding for the probate of a will. The contest was on the ground that the will was not duly executed and witnessed, and that the testatrix had not sufficient mental capacity. Verdict and judgment for the proponent. Contestants appeal. — *Reversed.*

*C. J. Wilson, Ranck & Bradley* and *Remley & Ney* for appellants.

*D. W. Hamilton* and *H. M. Eicher* for appellee.

McClain, J.—The will purports to be witnessed by two witnesses, Coffee and Sitler. One Smith, who is shown to have been a notary public, and the person who drew the will at the request of testatrix, affixed an acknowledgment thereto, in which he recited that testatrix and the two witnesses were personally known to him to be the identical persons whose names were affixed to the instrument, and that they came personally before him on that date and acknowledged the same to be their voluntary act and deed. In view of the fact that there seems to be some doubt under the evidence whether there was a sufficient witnessing by Sitler, it has been deemed important by counsel to argue the question whether the affixing of the certificate of acknowledgment by Smith as notary public made him a witness to the will. It seems to be settled that if the testator asks a person who is competent to be a witness, but also is competent to take acknowledgments, to attest the will, and the person thus requested, instead of attesting the will in the usual way as a witness, affixes his certificate of acknowledgment thereto, the will is nevertheless sufficiently witnessed by him. The important fact is whether he signed as witness under circumstances rendering his attestation proper. *Payne v. Payne*, 54 Ark. 414 (16 S. W. Rep. 1); *Murray v. Murphy*, 39 Miss. 214; *Franks v. Chapman*, 64 Tex. 159. The attesting clause is not essential to the sufficiency of the attestation, however important it may be in furnishing proof that the testator declared the instrument to be his act, and that the witnesses signed it in his presence. Indeed, no attestation clause whatever is essential. *Robinson v. Brewster*, 140 Ill. 649 (30 N. E. Rep. 683, 33 Am. St. Rep. 265.) But the difficulty about treating Smith as a witness is that it does not clearly appear that he was asked to witness the execution of the will, or that he affixed the acknowledgment with the

knowledge of the testatrix that he was signing it as a witness. The attestation of the will signed by Coffee and Sitler sufficiently recites the facts necessary to show the publication of the will; that is, the declaration by the testatrix that it was her act, and the attestation by the witnesses in her presence at her request. Coffee was out of the state at the time of the trial, and could not be procured as a witness, and it was sufficiently shown that his signature was genuine. Therefore the witnessing by him was *prima facie* sufficient. *In re Allison's Estate*, 104 Iowa, 130; *Luper v. Werts*, (Or.) 23 Pac. Rep. 850; 1 Underhill, Wills, 288. Sitler was called as a witness and testified as to the transaction and as to his signature to the attestation clause. Therefore there was an attestation clause showing the requisite facts, signed by two witnesses, and this is *prima facie* sufficient. 1 Underhill, Wills, 276; Bigelow, Jarman Wills, 57; *In re Meurer's Will*, 44 Wis., 392, (28 Am. Rep. 591). But the proof furnished by a proper attestation clause, duly signed, is not conclusive. It may be contradicted by evidence to show that the actual publication was not sufficient, and, on the other hand, though the attesting witnesses when called are unable to state the necessary facts, those facts may be made out by the testimony of other witnesses. *Haynes v. Haynes*, 33 Ohio St. 598, 612 (31 Am. Rep. 579); *Scott v. Hawks*, 107 Iowa, 723. *In re Allison's Estate*, 104 Iowa, 130; *Simmons v. Leonard*, 91 Tenn. 183 (18 S. W. Rep. 867). The result of the examination of Smith and Sitler as witnesses with reference to what actually took place is not very satisfactory. Neither Coffee nor Sitler seems to have had any conversation with testatrix whatever, nor to have heard any statements made by her with reference to whether the paper signed by them was executed by her, or as to whether she desired them to attest it. The request that they sign as witnesses was made by Smith, and

according to his testimony it was so made by the direction of the testatrix, but whether it was made in such way that testatrix heard and understood it, or whether she expressed to witnesses by sign any approval of the request, may be said to be in doubt. It may also be said that it is doubtful whether she understood that Coffee and Sitler were witnessing the will. There were lacking the formality and usual precautions which should accompany such a solemn and important act.

The law as to what is a sufficient publication and attestation does not seem to be in serious doubt. In the absence of express statutory provision,—and there is none in this state, save that the will is to be witnessed by two witnesses (Code, section 3274),—it seems to be sufficient that in the presence of the testator and at his request a third person asked the witnesses to attest the execution of the will, and that such request was, in the presence of the witnesses, approved of by some sign or act on the part of the testator, and that the witnesses, with the knowledge of the testator, and in response to such request, signed their names. *Bates v. Officer*, 70 Iowa, 343; *In re Hulse's Will*, 52 Iowa, 662; *Appeal of Canada*, 47 Conn. 450; *Gilbert v. Knox*, 52 N. Y. 125; *Denny v. Pinney's Heirs*, 60 Vt. 524 (12 Atl. Rep. 108). Indeed it is settled that not even an act or motion indicating acquiescence by the testator in the request to the witnesses is necessary, where it is made in his presence, and he knows that the witnesses are signing in response to such request, and makes no objection. Under such circumstances his silence is a sufficient indication that the request is by his authority. *In re Nelson's Will*, 141 N. Y. 152 (36 N. E. Rep. 3); *Harp v. Parr*, 168 Ill. 459, 474 (48 N. E. Rep. 113); *Bundy v. McKnight*, 48 Ind. 502; *Inglesant v. Inglesant*, L. R. 3 Prob. & Div. 172.

We do not agree with the contention made for contestants that the witnesses must attest with reference to one

and the same act or declaration of the testator. No authorities are cited in support of such a proposition.

It seems to be well settled that, in the absence of statute, it is not requisite that the attestation by the two witnesses be in each other's presence; and therefore it is evident that they cannot always be witnesses of exactly the same act or declaration on the part of the testator indicating his acknowledgment of the instrument. Bigelow, Jarman Wills, 53; Schouler, Wills, section 327. The burden of proof, however, as to due execution and attestation is on the proponents. *In re Ludwick's Estate*, (Minn.) 81 N. W. Rep. 758; *In re Mackay's Will*, 110 N. Y. 611 (18 N. E. Rep. 433, 1 L. R. A. 491, 6 Am. St. Rep. 409). And in states where, as in this state, the question whether the instrument should be probated is one as to which the parties are entitled to a jury trial (Code, section 3283), the sufficiency of the evidence is for the jury. In the cases of *In re Nelson's Will, supra*, and *Inglesant v. Inglesant, supra*, and perhaps in other cases which we have cited, the court found, from the conflicting evidence, similar to that which is found in the record in the case before us, that the showing was sufficient; but in the jurisdictions in which these cases were decided there was no requirement that such questions of fact be determined by a jury. If these questions of facts had in this case been submitted to a jury, and the verdict had been for proponent, we might have thought the evidence sufficient to sustain the verdict; but we are not willing to say that the evidence as it appears in this record would sustain no other conclusion. Therefore the trial court erred in charging the jury that the will was sufficiently executed and attested, provided they should find the testatrix to have been of sound mind.

Objection was made to the introduction of the will in evidence, on the ground that a clause thereof, naming an alternative executor in case the executor named should be

dead, had been altered after the will was executed and witnessed. The court, however, excluded the altered clause in admitting the will; and, as that clause is wholly immaterial, we cannot see that there was any error. No authorities are cited to the proposition that the whole will is rendered void by an attempt in an unauthorized manner to change one of its provisions. Where the alteration is not attended with the formalities required by statute it is of no effect; and, unless it is impossible to determine what the original will was, it remains the will of the testator. *Thomas v. Thomas*, 76 Minn. 237 (79 N. W. Rep. 104, 77 Am. St. Rep. 639); Schouler, Wills, section 431.

It was not necessary in the original evidence in behalf of proponents to introduce witnesses in support of the sanity of testatrix. Sanity is presumed until there is evidence to the contrary. *Stephenson v. Stephenson*, 62 Iowa, 163; *Blake v. Rourke*, 74 Iowa 519.

In two instances proponents, at the conclusion of the testimony of witnesses called for contestant, moved to exclude such portions of the testimony as related to conversations with deceased, on the ground that the witnesses, being interested parties, were incompetent to testify to such conversations, under the provisions of Code, section 4604, and in each case the motion was sustained. It appears from the record that these witnesses had testified to a variety of matters, some of which may have been involved in conversations of that character, and others evidently were not so involved. Contestants properly excepted to these rulings, and assign them as error. We think the objections to the rulings well founded. The objection that the question calls for such communication should be made when it is asked; and, if it does not appear that objectionable testimony is called for, then when the answer containing it is given the complaining party should at once move to strike it out. The method pursued by the

court is likely to be highly prejudicial. If there is nothing in the testimony open to objection on this ground, then discredit is thrown on the witness' testimony by the suggestion that some of it perhaps should not be considered. If there is objectionable matter, then the jury is left to speculate as to what it is, and as to how far it is excluded and how far it may be considered. This is the province of the court and not of the jury.

Many assignments are argued with reference to rulings of the court in the admission of testimony relating to the alleged want of mental capacity of the testatrix. It would be impossible to go into the different rulings in detail without unreasonably extending the length of this opinion. We have examined them, and reach the conclusion that no prejudicial error was committed; nor do we think any error was committed in determining whether certain witnesses were competent to express an opinion as to the mental capacity of testatrix. There seems to be no controversy about the general rule that one who shows an acquaintance with the person whose n e ital capacity is in question and is familiar with his general conduct may testify affirmatively that in his opinion such person was of sound mind, while the opinion that such person was of unsound mind must be based on facts consisting of particular acts or conduct indicating unsoundness. This pertinent language is used in *Lamb v. Lippincott*, 115 Mich. 611 (73 N. W. Rep. 887): "Sanity is the rule; insanity the exception. And when it appears that a witness has known a person for a long time, and has never known anything unusual either in speech or actions, he is competent to express an opinion that the man is sane, because sane and normal acts and speech are consistent with the normal condition,—sanity. Insanity, however, not being a normal condition, before one is competent to say that another is insane he must state some fact that is inconsistent with sanity; and this is not done until the

witness is able to testify to something that a man has said or done which fairly tends to show insanity." And in general see 2 Jones, Evidence, sections 366, 368. As to whether the showing of acquaintance is such as to qualify the witness to testify with reference to sanity at a particular time is a matter largely within the discretion of the trial judge. *Blake v. Rourke*, 74 Iowa, 519; *Denning v. Butcher*, 91 Iowa, 425. We think, however, the cases just cited· do not hold as a general proposition .that a witness whose acquaintance with the person whose sanity is in question extends over a long period of time must be limited in the expression of his opinion as to such person's sanity to the particular times or occasions on which he saw the person in question. A condition shown to have existed at a particular time may be presumed to continue for a reasonable time thereafter. One who saw and was acquainted with such person for a long time, and up to a particular date, would certainly not be d's qualified from testifying as to his sanity with reference to a transaction which took place the day after he last saw him.

Error is assigned on rulings with reference to the testimony of a son of testatrix as to the authority under which he acted in disposing of her property during her lifetime, the objection being that such testimony related to a personal transaction, and was therefore incompetent, under Code, section 4604. We do not find that the witness testified as to a personal transaction. What he said related to the capacity in which he was acting, and this he might state without regard to the method in which the authority was acquired.

Objection was made to the introduction in evidence of an obituary notice, published with the sanction of one of the contestants, reciting the intelligence and remarkable memory of testatrix during the latter part of her life. It is argued that this was an admission by the contestant

that when this will was executed testatrix was of sound mind. It seems to us that this evidence was objec-tionable. If an admission at all, it was an admission by one only of contestants, and not binding on the others. *Hayes v. Burkam,*67 Ind. 359; *Shailer v. Bumstead,* 99 Mass. 112. But we cannot think that it was receivable as an admission as against any one. Certainly the children of a deceased person are not bound to have his mental weaknesses and failings set out in an obituary notice. Such a notice does not purport to be, and is not understood as, a statement of facts from which any one is justified in drawing legal conclusions. Nor was this obituary notice, even if published under the supervision of the contestant who testified as to the insanity of testatrix, admissible to impeach his testimony. It did not purport to be a statement by him with reference to the sanity of testatrix at the time the will was executed, and we should hardly feel justified in saying that it was his duty to see that the notice stated the truth.

Complaint is made of the instructions in that they do not contain any sufficient description of unsoundness of mind which would render the testatrix incompetent to execute a will. But, on examination, it does not appear that the instructions contained any erroneous propositions of law; and, as contestants did not ask any further instructions on the subject, we think they cannot complain. Other objections to the instructions are without merit.

We have expressed our views in general on all of the questions which are likely to arise on another trial. For errors pointed out the judgment of the lower court is REVERSED.