# SUPERIOR COURT

Annetta S. Merrill,
Appellant
vs.  P.A.No.1942
Theodore D. Boal, Et
Als., Appellees

Amelie Bugnon,
Appellant
vs.  P.A.No.1943
Theodore D. Boal, Et
Als., Appellees

RESCRIPT

BAKER, J. These two cases were tried together, jury trial waived, by stipulation, the same general ques-being involved in each case.

They are appeals from a decree of the Probate Court of the city of Newport, refusing to admit to probate a certain instrument, hereinafter called for convenience the "trust deed," bearing date August 14, 1911, and executed by Theodore M. Davis.

It is undisputed that in April, 1915, certain papers were admitted to probate by said court as the will of the said Theodore M. Davis and a codicil thereto.

At the hearing of the cases at bar certain exhibits were put in de bene both by appellants and appellees subject to later objection. Several of these exhibits have been objected to by both parties involved. After considering the matter the court will overrule these objections and allow the exhibits to stand as filed, believing that they may be helpful in getting the whole situation involved and the intent of the parties before the court.

It is clear that the trust deed, so-called, is now offered for probate by reason of the situation which has developed from the decision of the U. S. Circuit Court of Appeals of the First Circuit in Atwood et als. vs. R. I. Hospital Trust Company et als., 275 Fed. 513, in which case the court held that the residuary clause of Mr. Davis' will was void.

The appellants now claim that the instrument in question, viz. the trust deed, is testamentary in character, particularly with reference to Mr. Davis' residuary estate; that it was executed animus testandi with all the proper formalities required by law, and that, therefore, it constituted a part of his will and should, therefore, be admitted to probate. They also suggest that as to certain questions the appellees are estopped to dispute the testamentary charatcer of this instrument.

The appellees, on the other hand, raise several objections to the admitting of this instrument to probate and each objection will be taken up and discussed separately hereinafter.

The court is satisfied that under the law the Probate Court would have ample jurisdiction to admit the trust deed, so-called, to probate if that instrument were properly executed as a will and were of a testamentary character and actually constituted a part of Mr. Davis' will, even though it was not termed a will by the parties and was not in form a will, and although a will and codicil had already been probated.

The first serious objection raised by the appellees is in connection with the execution of the trust deed. They contend that this instrument was not executed with all the formalities required by law for the executing of a will.

The evidence shows that while the deed bears the date of August 14, 1911, which was the same day that Mr. Davis signed and executed another instrument known as his will, the instrument in dispute was not finally executed and witnessed until August 16, 1911, at the Newport Trust Company.

The chief objections raised by the appellees in regard to the execution of this paper relate, first, to Mr. Dav-

is' acknowledgment of his signature; secondly, to the fact that, as they contend, Mr. Easterbrooks merely signed the paper as a notary public, taking the acknowledgment; and, third, that Mr. Easterbrooks left the room at some time during the proceedings. The witnesses who were present at this transaction have testified many times in the numerous cases with which this estate has become involved, and it is natural that over a period of years their testimony may vary in some slight degree. As the court understands it, the appellees claim, first, that Mr. Easterbrooks was not in the room when Mr. Davis acknowledged his signature to Mr. Gardner, the other witness, and that Mr. Gardner signed as a witness before Mr. Easterbrooks came into the room. It seems to be settled by the authorities that no particular form of acknowledgment of the testator's signature is necessary as long as it is made clear to the two witnesses, who are present together at the same time as the acknowledgment is made, that the signature is that of the testator and that they are witnessing it.

Schouler on Wills, Sec. 321.

White vs. Trustees of the British Museum, 6 Bing. 310.

Inglesant vs. Inglesant, 3 L. R. P. & D., 172.

Ela vs. Edwards, 16 Gray 91.

Daintree vs. Butcher, 13 P. Div. 102.

Sprague vs. Luther, 8 R. I. 252.

After considering the evidence in this connection, the court is of the opinion that the fair preponderance of the testimony shows that both Mr. Gardner and Mr. Easterbrooks were in the room when Mr. Davis made acknowledgment of his signature, perhaps not in exact words, but sufficient to satisfy the law. In this connection the court is not referring to the acknowledgment made to Mr. Easterbrooks as a notary public. Apparently, from the testimony, the second acknowledgment followed Mr. Gardner's

signature as a witness. The court finds, however, from the evidence that there was sufficient acknowledgment in the presence of both Mr. Gardner and Mr. Easterbrooks before either Mr. Gardner or Mr. Easterbrooks signed.

In regard to the objection that Mr. Easterbrooks signed merely as a notary, the court believes it to be the law that the fact that he did so sign will not prevent his being considered a good witness to the instrument. The words descriptive of his office may be considered as surplusage.

Paine vs. Paine, 54 Ark. 415.

Bybee's Estate, 179 Ia. 1089.

In connection with the third point raised by the appellees, namely, that Mr. Easterbrooks left the room during the proceedings, the court will merely say that the testimony on this point is not very definite and clear. If, however, he did leave the room, the court is satisfied that nothing took place while he was absent and that his merely leaving the room to get a form of acknowledgement would not under those conditions vitiate the execution of the instrument.

Furthermore, in the case of Atwood vs. R. I. Hospital Trust Co., 264 Fed. 360, the court held that this very instrument in question was properly executed as a will according to the statutes of Rhode Island.

See also Appellants' Exhibit 3.

On all the facts, therefore, and on the law, in the judgment of the court the trust deed, so-called, was executed with all the formalities required in this state for the execution of a testamentary instrument.

The next issue raised by the appellees relates to the matter of estoppel. They claim that the appellant Merrill is estopped in these proceedings by the decision of the court in the cases of Merrill vs. R. I. Hospital Trust Co., 45 R. I. 276, and Davis vs. Manson, 102 Atl. 714. The claim is that the appellant Merrill

was a party to those proceedings and that in those proceedings the instrument in dispute in this case has been definitely held to be a trust deed creating an inter vivos trust.

There is no question but what in general this claim is correct. In the judgment of the court the fact that the trust deed now in question and offered for probate has been clearly and unquestionably held to create or set out the terms of a valid inter vivos trust is definitely settled and can not be disputed.

· Merrill vs. R. I. Hospital Trust Co., supra.

Talbot vs. Talbot, 32 R. I. 72.

The appellants' claim now, however, is that the trust deed in question is of a dual nature, that in addition to creating or setting out the terms of a valid inter vivos trust, it also operates as a testamentary instrument in relation to Mr. Davis' residuary estate.

It appears to the court that this issue has not been as yet directly passed upon or determined any where in the proceedings regarding this estate. In order to have a valid and binding estoppel operating against a party, the law apparently is that precisely the same question in issue must have been determined in the previous litigation and that that question was a material and vital one in the decision of the previous case.

Cromwell vs. County of S. A. C., 94 U. S. 351.

Black on Judgments, Sections 615, 453.

In the judgment of the court that is not the situation here and the court does not find that the appellant Merrill is estopped from raising the question as to whether or not any part of this trust deed, so-called, is of a testamentary nature.

No question of estoppel applies to the appellant Bugnon. It should be noted, however, as relating to Mr. Davis' intention, that the gift to her under the trust agreement now sought to be probated was later revoked by him in an instrument not executed with all the formalities of a will.

The appellants also urge that the appellees are estopped in the cases at bar from denying the testamentary character of the instrument now offered, by reason of their position and the decision in the case of Atwood et al. vs. R. I. Hospital Trust Co., 275 Fed. 513. The appellants contend that the appellees urged, and that the court therein held, that the trust deed in question was testamentary in character. A reading of that opinion, in the judgment of the court, does not justify this claim on behalf of the appellants. The court believes that in the Atwood case, supra, it was held by a majority of the court that the residuary clause of Mr. Davis' will was void because he attempted to retain for himself the power to dispose of his residuary estate in some other instrument, not executed as a will or a codicil, or even without any instrument, orally. It would not appear that that the court passed directly upon the question as to whether or not the instrument now in dispute was or was not of a testamentary character. The court is therefore of the opinion that the appellees are not estopped by anything which took place or was decided in the Atwood case, supra. See also Boal vs. Metropolitan Museum, 298 Fed. 894.

The next point urged by the appellees is that the trust deed sought to be probated is not of a testamentary character and therefore should not be admitted to probate.

It would appear from the facts that Mr. Davis' primary object in executing the trust deed was to free himself from the burden of looking after his estate during the remainder of his life. The instrument in question is, of course, in the form of a deed. This, however, is not necessarily conclusive but perhaps does throw some light on

what the parties intended, particularly when taken into consideration with the fact that on practically the same day Mr. Davis did execute another instrument which he called his will, and thereafter still another instrument which was a codicil thereto. Two amendments to the trust deed were executed but not with the formalities required in the execution of a will. The trust deed contained within it, by express provision, the power of revocation. This, of course, gave it the necessary ambulatory character but is a somewhat unusual provision for an instrument to contain drawn as a will. An instrument to be good as a will must, of course, be ambulatory in its own nature and must take effect at death.

Ferrara vs. Russell, 40 R. I. 533.

Heuston vs. Krieg, 167 Ind. 101.

Jarman on Wills, 6th ed. 27.

Robb vs. W. & J. College, 185 N. Y. 485.

The appellants contend that the power of revocation contained in the instrument make it ambulatory and that it operated to dispose of portions of Mr. Davis' property at his death and that, therefore, it was testamentary in character. The court believes on the law, however, that the appellants must go somewhat further than this. It has already been determined that this particular instrument created a valid inter vivos trust operating in praesenti. Such portion of the instrument as so operates would clearly not be of a testamentary character. The appellants contend, however, that the instrument in question operated in connection with Mr. Davis' residuary bequests and that, therefore, it is of a two-fold character and testamentary in part, and therefore entitled to probate. It should be noted that Mr. Davis' residuary estate is nowhere referred to or mentioned in this trust deed.

See the dissenting opinion in At-wood vs. R. I. H. T. Co., 275 Fed. 513.

In the opinion of the court, the trust deed in question does not operate directly in a testamentary manner on Mr. Davis' residuary estate and was never so intended. It would appear that it was Mr. Davis' intention to have his residuary estate pass under the instrument which he referred to as his will.

It should further be noted that no question is raised in these proceedings, of the incorporation by reference of the trust deed in question in the will so as to make the trust deed of a testamentary character and entitled to probate.

Atwood vs. R. I. Hospital Trust Co., 264 Fed. 360;

Atwood vs. R. I. Hospital Trust Co., 275 Fed. 513.

Many cases have been cited by the appellants in which the instruments in question did not take effect in any way until after the death of the maker, although such instruments were in the form of deeds, letters, agreements and indentures. These cases are distinguishable from the cases at bar in that they did not take effect until after death and there was no question of their operating in praesenti. Neither do the cases relating to the admissibility of parol evidence in order to explain the connection between two instruments or to explain the intention of the testator as to certain beneficiaries have a bearing on the cases at bar in the judgment of the court. Several of such cases have been referred to by the appellants. Also some cases where the instruments in question have had a two-fold character and have been admitted to probate have been cited by the appellants. The court believes these are distinguishable from the cases under consideration, the former cases relating to an instrument com-or a deed and a will. In such instru-bining a will and a power of attorney

ments different language relates to different property and not the same language operating both in praesenti and at the death of the testator. Moreover, in practically all these cases there is only one instrument to be considered and not, as in the cases at bar, another instrument clearly a will and executed by the testator.

After considering the whole matter carefully, in the judgment of the court the trust deed in question is not of a testamentary character and was never so intended to be. It was merely the creation or the expressing of the terms of an inter vivos trust to take effect in praesenti and not at the death of Mr. Davis. In the opinion of the court it has no such dual character as the appellants are now urging.

See Atwood vs. R. I. Hospital Trust Co., 364 Feb. 360.

Atwood vs. R. I. Hospital Trust Co., Co., 264 Fed. 360.

See also the finding of the trial judge on the ninth issue of fact in the case of Davis vs. Manson, supra.

The appellees also urge that the trust deed was not executed animus testandi and the appellants claim that it was. In order to entitle an instrument to be probate, in the opinion of the court the law is clear that such instrument must be executed animus testandi. The appellants contend that this merely means that the instrument disposes of property at the death of the testator and, if it does this, it will be considered a will even though the signer had no intention of executing a will. In the opinion of the court the term animus testandi means something more than this. It is true that the law seems to be that the testator need not know that the particular instrument he is executing may be termed a will.

Habergham vs. Vincent, 2 Ves, Jr. 230.

It will be noticed in the above case, however, that the instrument took effect only at death and not in praesenti.

In the opinion of the court, in order to constitute the necessary animus testandi, the testator should have in mind the fact that he is making a final disposition of his property to take effect at death and not in any other way.

C. J., Vol. 18 p. 149.
Cyc. Vol. 40, p. 1084.
Schouler on Wills 5th ed., Sec. 272.
Alexander on Wills, Sec. 46.
McBride vs. McBride, 26 Gratt 481,

After careful consideration the court has come to the conclusion that the trust instrument in question was not executed animus testandi and, therefore, lacks one of the necessary requirements for constituting it a testamentary instrument.

For the reasons above stated, therefore, the court decides that the trust deed, so-called, is not entitled to be admitted to probate.

The appeal is denied.

For Appellants: Tillinghast & Collins.

For Appellees: Sheffield & Harvey.