WILSON D. NICHOLS, plaintiff in error, *vs.* FRANCIS M. CHANDLER, defendant in error.

Where an instrument in the form of a deed, attested by three witnesses, one of whom is a justice of the peace, conveys a tract of land and certain personal property, to two daughters of the donor, and contains the provision in it, "after burial expenses and all my just debts are paid, only reserving to myself the use and control of said property during my natural life," and also the provision "to have and to hold the said tract or parcel of land and household and kitchen furniture, and houses, hogs, cows, and all other property that I may be possessed of at my death;" and where the instrument was never recorded, nor delivered to the beneficiaries, but was placed in the keeping of one of the witnesses, with this direction: "to keep it until her death or until she called for it; that it was for the girls, Margaret and Amanda, and that he was to hold it for them:"

*Held,* that the instrument, construed in the light of its non-delivery and the direction given to the person entrusted with it, is a will and not a deed.

Will or deed.    Before Judge HALL.    Rockdale Superior Court.    March Term, 1875.

Reported in the above head-note.

A. C. McCALLA; JOHN J. FLOYD, for plaintiff in error.

CLARK & PACE, for defendant.

JACKSON, Judge.

Chandler sued Nichols for a tract of land. His title turned on the construction of an instrument, whether it was a deed or a will; if a deed, he might recover; if a will, he could not. The instrument by itself may be doubtful of interpretation, but construed in the light of the proof as to its delivery, we think all doubt is removed. The character of the

instrument and the circumstances surrounding its execution are sufficiently set out in the head-note for an intelligent understanding of our judgment and the reasons on which it is based. We hold it to be a will, and reverse the judgment of the court below.

Judgment reversed.