Schwalbach vs. The Chicago, Milwaukee & St. Paul R. Co.

the respective counts are capable of the criminal meaning ascribed to them by the innuendoes.

*By the Court.*— The order of the circuit court is affirmed.

Schwalbach, Appellant, vs. The Chicago, Milwaukee & St. Paul Railway Company, Respondent.

*November 16 — December 4, 1888.*

*(1) Adverse possession of land as against grantee.   (2, 3) Deed absolute in form: Evidence to establish condition.   (4) Costs: Bill of exceptions.*

1. The continued occupancy or possession of land by one who has conveyed it, or by persons claiming under him subsequent to the conveyance, will be presumed to have been in subordination to the title of the grantee; and to rebut such presumption there must be shown some clear, unequivocal act which would amount to an open denial of the grantee's title.

2. Conversations, had after the date of an absolute deed to a railroad company, with persons connected in some way with such company, but not shown to have had authority to speak for or bind it, are not admissible in evidence to prove that the grant was upon condition that a depot should be built on the premises.

3. Nor is a writing, drawn up at the instance of the grantor after the date of the deed, and stating that the deed was made upon that condition, admissible to prove such fact, where such writing was never signed by or on behalf of the company and there is no evidence that the company ever admitted that the real facts were stated therein.

4. Under sec. 2921, R. S., fees for drafting a bill of exceptions used on appeal to this court may be taxed as costs in the trial court.

APPEAL from the Circuit Court for *Washington* County.

Ejectment.   The cause was before this court on a former appeal, when a judgment in favor of the plaintiff was reversed.   69 Wis. 292.   Upon the second trial the court directed a verdict in favor of the defendant; and from the

judgment entered thereon the plaintiff appeals. The facts will sufficiently appear from the report of the former appeal and from the opinion herein.

For the appellant the cause was submitted on the brief of *P. & T. O'Meara.* They contended, *inter alia,* that Exhibit 2 (referred to in the opinion) should have been admitted in evidence, and that it showed the possession of Witlin to have been adverse. *Watson v. Gregg,* 36 Am. Dec. 176. It was competent as tending to prove a forfeiture of the defendant's title by breach of condition subsequent. *Horner v. C., M. & St. P. R. R. Co.* 38 Wis. 165; *Messer v. Oestreich,* 52 id. 684. It was for the jury and not for the court to determine, in a case like this, whether there had been a disseizin and adverse holding. *McPherson v. Featherstone,* 37 Wis. 632; *Macklot v. Dubreuil,* 43 Am. Dec. 550; *Beverly v. Burke,* 54 id. 356; *Bartlett v. Secor,* 56 Wis. 520. Costs should not be taxed in the circuit court for a bill of exceptions prepared exclusively for the purpose of appeal to the supreme court. Such costs are included in the gross sum allowed as attorney's fees in the supreme court. The bills of exceptions mentioned in sec. 2921, R. S., include only those prepared by the direction of the circuit judge, under the provisions of sec. 2879, to be *used in the circuit court* on the hearing of motions for a new trial.

For the respondent there was a brief by *John W. Cary,* attorney, and *H. H. Field,* of counsel, and oral argument by *Mr. Field.*

COLE, C. J. After the evidence on both sides had been received in this case, on motion therefor the trial court directed a verdict in favor of the defendant. The question is, Was this error? It is claimed, on the part of the appellant, that the case should have been submitted to the jury on the question of adverse possession. If there was any evidence which tended to prove that the plaintiff or those

from whom he derived title had been in the possession of the disputed strip, holding the same adversely to the defendant, for the requisite period, then the direction of the court was erroneous. The inquiry is, Was there any such evidence? The testimony given to prove adverse possession was substantially the same as that before the court on the former appeal. 69 Wis. 292. The head-note in that case will give a sufficient answer to much of the argument now made to establish the position that there was evidence of adverse possession which should have been submitted to the jury. It is as follows:

" The continued occupation of land by one who has conveyed the same to another is presumptively not adverse, but in subordination to the title of his grantee. He is estopped by his deed from claiming that it is adverse. In order to destroy such presumption and hold by adverse possession as against the title under the first deed, a person claiming under a junior deed, given by the same grantor while he still remained in possession of the land, must disseize the rightful owner, either by ousting him from an actual possession, or by taking such open and notorious possession when the land is unoccupied that the owner must be presumed to know that he holds adversely; and he must show by clear and positive proof a continuance of such adverse possession for the time prescribed by statute. A covenant in a deed of land, for a quiet and peaceable possession by the grantee, runs with the land, and binds any one to whom the same grantor subsequently conveys the same land; and the possession of such second grantee must be held to be in subordination to the title of the first grantee. The recording of a deed is constructive notice of its existence and contents to all subsequent purchasers of the land, and renders them subject to whatever covenants therein run with the land."

This is a full and complete answer to any argument that

the possession was adverse, founded upon the fact of the continued occupancy and cultivation of the disputed strip by Witlin, the common source of title, and by all deriving title from him subsequent to his deed to the railroad company. No inference that there had been a disseizin of the company can be made from such mere occupancy or possession, but there must be some further proof of ouster or claim of title hostile to the title of the true owner; otherwise, the presumption is such possession is subservient to the legal title; and any subsequent grantee, in order to destroy this presumption, must show an ouster of the rightful owner before the statute will begin to run in his favor. There was no evidence of any such ouster in the case, and there is an entire absence of all proof of any act or declaration which would tend to show adverse possession of the strip, either by the Schindlers or by the father of the plaintiff. The possession of the Schindlers was precisely of the same character as that of their grantor, Witlin, after his deed to the railroad company, and which, under the statute, must be deemed to have been in subordination to the legal title. *Schwalbach* took his deed, in 1866, in the same manner, and went into possession charged with notice of the title of the railroad company; and he did nothing — made no claim — which would amount to an ouster of the company.

There was evidence offered and rejected, including Exhibit 2, which it is said tended to show a claim of title and hostile possession by Witlin after his deed to the company. It is said that his deed to the company was upon the condition that a depot should be built upon the premises conveyed. The deed contains no such condition, but merely states that the strip conveyed is "for the uses and purposes of the railroad company." But it was sought to show that there was an agreement restricting the use of the strip, and a condition that upon failure to so use it the land should

revert to the grantor. Now, assuming for the purposes of the case, without deciding the question, that it was competent to prove by parol that the deed was given upon such a condition, still we find nothing in the proposed evidence which tends to show there was such a condition annexed to the grant, and that Witlin entered into the possession of the strip for a breach of the condition. To prove the alleged condition, it was proposed to give in evidence certain conversations which the witness Huegin had with persons connected in some way with the railroad company, after the date of the deed executed by Witlin to it. It does not appear that these conversations were had with any officer or agent of the company who had authority to speak for it in the matter or to bind it by any business proposition. It is too plain for argument that it was not error to exclude such idle and unauthorized conversations as evidence in the case. Exhibit 2 was a writing, it appears, drawn up at the instance of Witlin a few days after the date of his deed to the company, which in effect stated that such deed was made upon the condition, and that the strip was conveyed for the only use, purpose, and occupation as a station for the company, and for no other use or occupation whatever; and, in the event that the company failed to so use and occupy the land for a railroad station, the deed should be void, and the grantor should have the right to re-enter and take possession of the premises conveyed. This writing was never signed by the railroad company, or by any one in its behalf, and there is no evidence that it ever admitted that the strip was conveyed upon any such condition. It was therefore rightly excluded on that ground. There surely should be some evidence that the company admitted, at least, that the writing set forth the facts truly as to the alleged condition, and that the conveyance would have stated such condition had it expressed the full agreement of the parties. But no such admission was shown,— not a word or fact proven that would warrant the inference that

the company ever admitted that the writing set forth the real facts as to the condition; so it is very obvious that it was not error to reject the writing as evidence for any purpose.

We conclude our remarks by saying that we find nothing in the evidence which tends to prove a disseizin of the company, or which, will warrant the assumption that there was any possession by any party, adverse and hostile to its title. In order to show an ouster of the company, and gain title for himself, there should be some clear, unequivocal act by some one deriving title under the junior deed from Witlin, which would amount to an open denial of the title of the company. The facts proven to show adverse possession are no stronger than they were in the former case, when it was said there was an absence in the record of any evidence of disseizin of the company.

There was no error in taxing as costs the fees for drafting the bill of exceptions used on the former appeal. Sec. 2921, R. S., authorizes the taxation of such fees.

It follows from these views that the judgment of the circuit court must be affirmed.

*By the Court.*— Judgment affirmed.