ESTATE OF OGLE: OGLE'S APPEAL.

*September 7 — September 28, 1897.*

(1) *Appeal.*   (2) *Wills: Lease.*

1. Upon appeal, error will not be presumed, but, in the absence of any bill of exceptions, the judgment appealed from will be presumed correct.

2. An instrument in the form of a lease of real estate by a married woman to her husband, to be held by him from the date thereof during his natural life free of rent, which is not ambiguous in its language and contains nothing to indicate that it was intended as a will, to take effect upon the death of the wife, cannot be admitted to probate as a will.

APPEAL from a judgment of the circuit court for Eau Claire county: W. F. BAILEY, Circuit Judge. *Affirmed.*

The facts are stated in the opinion.

The cause was submitted for the appellant on the brief of *J. F. Ellis,* and for the respondent on that of *W. H. Stafford* and *W. R. Hoyt,* attorneys, and *H. P. Lane,* of counsel.

PINNEY, J. A hearing occurred in the county court of Eau Claire county upon the petition of the daughters and heirs at law of the deceased for administration upon the estate of their mother, it having been represented that she left personal property not exceeding $300 in value, and a homestead the rental value of which did not exceed $64 per annum; that her surviving husband, the appellant, was in possession of such property wrongfully, claiming the same. He answered the petition, denying all its principal allegations, and claiming that prior to her death the deceased executed to him a lease of said homestead, to have and hold the same for and during his natural life free of rent, and that prior to her death she sold and transferred to him all her household furniture and other personal property, in consideration that he had paid certain debts she owed sundry persons, and would pay such as should become due, and would pay a note and mortgage she had given upon the said homestead. He further alleged that, when the petition was filed, there was no personal property of said deceased, and no debts unpaid, and that said lease was intended to take effect at the time of her death, and as her last will and testament by which she conveyed all her property to him as her sole legatee. This lease appears to have been presented to the court with the answer, and the appellant asked that it be admitted to probate as such will.

After a hearing, the county court denied the application and petition of the appellant, and granted administration of the estate of the deceased to one of her daughters, who

qualified as such. *William Ogle*, the husband, appealed from the action of the county court to the circuit court of the county, where the matter came on to be heard upon the record returned on such appeal, whereupon the action of the county court was affirmed, with costs against the appellant, and the said *William Ogle* appealed from said judgment to this court.

There is no bill of exceptions showing what testimony was produced or rulings were made on the trial in the circuit court. The lease presented with the answer was a formal lease of the premises from Helen Ogle, the deceased, to the appellant, dated April 17, 1895, "for the term of his natural life from the 17th day of April, 1895," reserving to the lessor in certain contingencies the right "to vacate this lease, and declare all its provisions, conditions, and terms null and void, whereupon said lessee shall yield up to said lessor full, quiet, peaceable, and immediate possession of said premises."

1. As there is no bill of exceptions in the record, the presumption is in favor of the correctness of the judgment appealed from. Error will not be presumed, but must be shown affirmatively. The cases on this subject in this court are numerous, and the rule is too well settled to require citation of authority.

2. There is nothing in the lease that gives any countenance or support to the contention that it was intended as a will, and to become operative after the decease of the lessor. There is nothing ambiguous in the language employed to express the time when the instrument was to be in full force and effect, the language being "from the 17th day of April, 1895." A will is an instrument by which a person makes a disposition of his property to take effect after his decease. Schouler, Wills, § 1. It would be impossible to establish this lease as a will without contradicting and overthrowing its express and most important provisions, and doing violence to the language of the instrument and its evident pur-

pose.   It was to take effect as a lease from the 17th day of April, 1895, that being the day of its date, and for the term of the natural life of the said appellant.   It was not to become operative upon, or after the death of the lessor, but was to take effect, in substance, immediately upon and from its date.   It is unnecessary to continue the discussion.   The appeal is wholly destitute of merit.

· *By the Court.*— The judgment of the circuit court is affirmed.