In re ECKHART'S ESTATE: GOLLUSCH, Appellant, vs. HEIDE-MANN, Respondent.

*November 12—November 28, 1902.*

*Appeal and error: Record: Bill of exceptions: Questions reviewed.*

On appeal to the circuit court from an order of the county court denying application for construction of a will, the order of the circuit court, affirming that of the county court, recited that it was based not only upon the files and proceedings, but upon proofs submitted in the matter. There was no bill of exceptions. *Held,* that the order of the county court was not presented for review by the appeal to the supreme court from the order of the circuit court.

APPEAL from a judgment of the circuit court for Milwaukee county: LAWRENCE W. HALSEY, Circuit Judge. *Affirmed.*

One *Henry Gollusch,* having been appointed administrator of the estate of Edna Eckhart, deceased, in the county court for Milwaukee county, presented to that court in that estate a petition reciting a somewhat intricate relationship of said Edna to one John Pieckel, and consequent descent or inheritance from him; that said Pieckel left a will, which was in process of probate and execution in said court; that, although the estate of said John Pieckel was ready for distribution and final settlement, the same could not be made, because one *William Heidemann,* the grandfather of said Edna, disputes the true and proper construction of said will, and the rights and interest of the father of said Edna Eckhart therein,—wherefore he prayed that said will might be construed by the court, and the interests of the several claimants thereto determined and adjudged, and the same be assigned to such persons as by law and said will are entitled to the same. The county court entered an order denying said application without prejudice, stating that, after hearing counsel on both sides, said court was satisfied that the matter had been disposed of, and that said will had already been construed by that court by its decision on file, dated February 1, 1900, signed by J. M. PERELES, judge, presiding. That decision was in the form of an opinion filed by the then county judge at the time of deciding the application for administration, and is claimed to constitute a complete construction of John Pieckel's will. The said administrator, *Henry Gollusch,* thereupon appealed to the circuit court of Milwaukee county, whereupon was entered an order reciting the appearance of counsel for several persons, and declaring: "Now, therefore, upon motion of Fiebing & Killilea, attorneys for said contestant, based upon the record, pleadings, files, and proceedings, and upon the proofs submitted in

said matter," the said order of the county court should be affirmed. From that order the present appeal was brought. There is no bill of exceptions, and the record contains nothing transpiring in circuit court except said order and the record as transmitted by the county court, which included the order of that court appealed from, a paper indorsed "Copy of last will of John Pieckel," and a copy of the opinion of Judge Pereles, dated February 1, 1900, together with the petition for construction, the order denying the same, and the proper appellate papers.

For the appellant there was a brief by *W. B. Rubin,* attorney, and *Franklin F. Orth,* of counsel, and oral argument by *Mr. Rubin.*

For the respondent there was a brief by *Fiebing & Killilea,* and oral argument by *O. J. Fiebing.*

Dodge, J. Upon the appeal from county court to circuit court 'the whole matter was presented for a trial *de novo.* That such trial involved consideration of matters other than those presented by the record sent up by the county court is rendered apparent by the very order appealed from, which recites that it was based not only on the files and proceedings, but upon proofs. Under some circumstances of evidence— such, for illustration, as that the county court, in the matter of the will of John Pieckel, the proper and natural place for its construction, had already fully construed his will, and entered a final order of distribution; or, indeed, that it was about to do so—it would be entirely proper for the court to decline to enter into a consideration of the construction thereof in this, a different estate and proceeding. Whether such evidence was or was not offered we, of course, cannot know without a bill of exceptions. Since it was possible that the proofs might have disclosed a situation warranting the circuit court in refusing to enter upon the construction of John Pieckel's will on this petition, we must assume that

such evidence existed, in the absence of any bill of exceptions (*In re Ogle's Estate,* 97 Wis. 56, 72 N. W. 389), and cannot feel called upon to decide whether the reasons assigned by the county court for its decision were valid or not. That order is not the one under review.

*By the Court.*—Judgment affirmed.