THE STATE EX REL. HOLZ, Appellant, vs. WOLSKI and another, Respondents.

*November 13—November 28, 1902.*

Mandamus: *Practice: Appeal and error: Record: Surplus documents: Presumptions.*

1. After a relation has been filed and an alternative writ of *mandamus* issued, all matters going to the merits, whether by way of denial of facts asserted in the relation, or of other defensive matters, should be tried on due and proper pleadings, consisting of a return and an answer or demurrer thereto, and not on affidavits.

2. On appeal from *mandamus* proceedings, the record, unaccompanied by any bill of exceptions, and consisting merely of the relation, alternative writ, order denying the application on the merits, and judgment thereon, was transmitted to the supreme court; neither the order denying the application which recited the filing of affidavits in opposition to the application, nor the certificate of the clerk to the record on appeal, declared that such return contained all the papers filed, or that certain affidavits attached to the record were the ones used on the motion for such order. The clerk certified that the papers annexed were the original papers constituting the judgment roll, notice of appeal, and undertaking. *Held,* it would be presumed that circumstances existed sufficient to warrant the trial court's making the order dismissing the application.

APPEAL from a judgment of the circuit court for Milwaukee county: LAWRENCE W. HALSEY, Circuit Judge. *Affirmed.*

The relator, having presented his verified petition for *man-damus* requiring the defendant *Wolski*, a justice of the peace, to make certain corrections in his docket, and the alternative writ having issued, bearing *teste* May 1, 1901, the circuit court on November 12, 1901, entered an order reciting that the application of the.plaintiff for a writ having come on to be heard, and the respondents having filed affidavits in opposition to said application, and *having moved to dismiss said application,* it is ordered that the application of the relator for a writ of *mandamus* be denied, and that judgment be entered in favor of the respondents and against the relator, dismissing said application upon the merits, and for costs. To that order exception was taken, whereupon judgment was entered that "the application for a writ of *mandamus* be, and the same hereby is, denied"; also that respondents recover a specified sum for costs. From that judgment the appeal is taken. The record contains no bill of exceptions, but a large number of affidavits, in some measure denying the allegations of the relation, and also asserting that prior thereto there had been issued a writ of *certiorari,* in response to which the justice had sent his record to the circuit court. The order above referred to makes no specification of the affidavits upon which it was based, and the certificate of the clerk to the record on appeal does not declare that such return contains either all the papers filed, or that the affidavits so filed are the ones used upon the motion for said order of dismissal, nor all of them; merely that the papers annexed are the original papers which constitute the judgment roll, notice of appeal, and undertaking.

*Irving T. Ford,* for the appellant.

For the respondents the cause was submitted on the brief of *Doerfler, McElroy & Eschweiler.*

DODGE, J. The record before us seems to present an extremely anomalous proceeding, involving the utmost confu-

sion as to the proper practice in *mandamus*. The relation having been filed, and the alternative writ issued, all matters going to the merits, whether by way of denial of the facts asserted in the relation, or of other defensive matter, should have been tried upon due and proper pleadings, consisting of a return and an answer or demurrer thereto. Apparently the parties sought to try them by the filing of affidavits which might have been admissible in response to a motion for the issuance of the alternative writ. The more serious difficulty, however, is whether the record (for only the record is before us and can be considered) suffices to show error in entering the judgment appealed from. That record consists merely of the relation and alternative writ, the order for judgment dismissing such application, and judgment entered thereon. All other papers transmitted to us are mere surplusage, and of no authenticity or use. Error must be made to affirmatively appear, and all presumptions not negatived by the record must be indulged in favor of the correctness of the court's action. *Glover v. Wells & M. G. Co.* 93 Wis. 13, 66 N. W. 799; *In re Ogle's Estate,* 97 Wis. 56, 72 N. W. 389. It is, of course, possible that some facts might have been disclosed to the court upon affidavit to warrant the dismissal of the application and the alternative writ. Facts going to the jurisdiction of the court or the capacity of the relator might, perhaps, have been thus made to appear, and to warrant such action without putting the parties to the further steps of pleading. This being so, and there being neither bill of exceptions nor certificate of either court or clerk excluding the possibility of such showing, we must assume that the motion to dismiss, recited in the order mentioned in the statement of facts, was made upon and was supported by something not brought before us. In other words, since circumstances might exist to warrant the court in making that order, and since there is no authoritative showing that they did not so exist, we must presume that they did, and that the court properly

ordered a dismissal of the application. If that order was rightly made, the judgment properly follows, and is supported thereby; hence no error affirmatively appears.

*By the Court.*—Judgment affirmed.