DEXTER, Respondent, vs. WITTE and others, imp., Appellants.

*January 28—February 16, 1909.*

(1) *Pleading: Amendment.* (2, 3) *Wills: When deed held testamentary: Delivery.*

1. In an action to set aside a trust deed on the ground of mental incompetency of the grantor, there was no error in allowing the complaint to be amended at the trial so as to allege that the deed was never delivered.
2. An instrument in the form of a deed, plain and unambiguous on its face, conveying a present interest in land and unexplained by any contemporaneous writing of a testamentary character, cannot be held to be a will.
3. Thus, an instrument in the form of a deed, conveying land in trust, with power to sell, lease, or mortgage the same, and directing distribution of the proceeds among certain descend-

ants of the grantor, which had been intrusted by the grantor, during her last illness, to a third person, to be kept by him with other papers for her, but with instructions to deliver it to the grantee in case she did not recover from such illness, and which had, after her death, been handed by said third person to the grantee, is *held* not to have been delivered so as to be valid as a deed, and not to be a will.

APPEAL from a judgment of the circuit court for Milwaukee county: J. C. LUDWIG, Circuit Judge. *Affirmed.*

This action was brought to set aside a trust deed executed by Mary Jane Dexter shortly before her death, conveying certain real estate in Milwaukee county to the defendant. *Robert Stewart Witte* in trust for certain purposes named in the deed. The plaintiff is a son of Mary Jane Dexter, and defendant *Addie Dexter Witte* is her daughter and the wife of *Robert Stewart Witte,* trustee, and the other defendants are children of plaintiff and of the defendants *Robert Stewart Witte* and *Addie Dexter Witte.*

The complaint alleges, in substance, that the said Mary Jane Dexter on and prior to the 10th day of February, 1904, was of unsound mind and memory, incapable of managing her own affairs, mentally incompetent to take care of or dispose of her property, and capable of being easily influenced by other persons; that she was induced to sign a certain paper purporting to be the deed in question at the instigation of defendant *Robert Stewart Witte* in the interest of his wife and their children; that at the time of signing said paper Mary Jane Dexter was not informed of the contents thereof and never acknowledged the same; that on the 17th day of February, 1904, said Mary Jane Dexter died intestate in the county of Milwaukee, without having made any last will and testament, leaving her surviving as her only children and sole heirs at law the plaintiff and the defendant *Addie Dexter Witte,* and that they ever since have been and now are seised in fee of the premises described in the trust deed; that the defendant *Robert Stewart Witte* caused

said deed to be recorded in the office of the register of deeds prior to the commencement of this action; that he is in possession of the real estate described therein, and claims that, by virtue of said alleged deed, he is seised of said premises as trustee to the uses set forth in said instrument; and that the other defendants severally claim the several rights, estates, and interests to which they are entitled upon the face of the deed. The prayer is that said alleged deed may be declared to be null and the same and the record thereof set aside and canceled, and that the title to said real estate may be adjudged to be in plaintiff and the defendant *Addie Dexter Witte* as tenants in common.

The deed conveys the property referred to to the defendant *Robert Stewart Witte* in trust for certain purposes named therein with power to sell, convey, lease, or mortgage the same, and out of the proceeds the trustee is directed to pay certain sums to the plaintiff's children on their arriving, respectively, at the age of twenty-one years, with alternative provision in favor of the survivors, if any of them should die before reaching that age, and, if none of them should live to that age, then the money to be paid to their father, the balance of the property to be paid to the children of defendant *Addie Dexter Witte,* each to receive his portion on reaching the age of twenty-one years, with alternative provision in favor of the survivor, if either should die before reaching that age, and if none of them should live to that age then the whole balance to be paid to their mother; under certain circumstances the property to be conveyed to *Mrs. Witte's* children, or, upon their death, to her, subject to the payment of the sums directed to be paid to the plaintiff's children. The deed purported to have been duly signed, sealed, and delivered in the presence of two witnesses, and was duly acknowledged on the 10th day of February, 1904.

Answers were put in admitting the making of the deed and that it had been recorded by the defendant *Robert*

*Stewart Witte* in the office of the register of deeds for Milwaukee county; that Mary Jane Dexter died intestate without having made any last will and testament, and leaving her surviving as her only children and sole heirs at law the plaintiff and defendant *Addie Dexter Witte;* that defendant *Robert Stewart Witte* was in possession of the real estate, claiming to be seised of the premises by virtue of said deed as trustee to the uses set forth in said instrument; and that the other defendants severally claimed the interest which said deed upon its face vested in them or in said *Robert Stewart Witte* as trustee. The answers denied that Mary Jane Dexter was of unsound mind or incapable of managing her affairs or was induced to sign the deed by any one, and alleged that the same was her own free and voluntary act and deed; and denied that the said Mary Jane Dexter was not informed of the contents of the deed, or that she never acknowledged it or gave her consent thereto.

On the trial the plaintiff asked leave to amend his complaint by inserting that the writing purporting to be a deed of conveyance was not the deed of Mary Jane Dexter, and that said deed was never delivered by Mary Jane Dexter to the grantee named therein. This amendment was allowed under objection. The main question litigated on the trial was the delivery of the deed. The court, among other things, found:

"(3) That on the 10th day of February, A. D. 1904, the said Mary Jane Dexter was sick, and that on that day she signed a deed of conveyance of the premises described in the first finding of fact, wherein the defendant *Robert Stewart Witte* was named as grantee in trust for the other defendants and plaintiff under the provisions and contingencies therein expressed, and that said Mary Jane Dexter thereupon intrusted said deed to the hands of one G. H. Fowler, to be kept by him with other papers for her, but with instructions to deliver the deed to said *Robert Stewart Witte* in case she did not recover from her sickness; that she re-

tained control of said deed during her lifetime, but did not further act with reference to the same during her lifetime, and said deed remained in the possession of said Fowler until after her death.

"(4) That said Mary Jane Dexter did not recover from her said sickness, but died intestate on February 17, 1904, leaving her surviving as her only children and sole heirs at law the plaintiff and the defendant *Addie Dexter Witte.*"

And as conclusions of law found:

"(1) That there was not such a delivery of said deed by said Mary Jane Dexter as to pass title to the premises therein described.

"(2) That plaintiff is entitled to have said deed declared null and void and set aside and canceled of record, and to have the title to said premises adjudged to be in the plaintiff and the defendant *Addie Dexter Witte* as tenants in common, with the costs of this action."

After trial and decision of the court, counsel for appellants asked leave to amend the answer so as to withdraw the allegation to the effect that Mary Jane Dexter died intestate, and by alleging that, if the conveyance in question was not valid as a deed by reason of failure to deliver it, the same was the last will and testament of Mary Jane Dexter and duly executed by her as such, which was denied. Judgment was entered declaring the deed null and void and adjudging that the title to the premises described therein was in the plaintiff, *Frances C. L. Dexter,* and the defendant *Addie Dexter Witte,* as tenants in common. The defendants *Robert Stewart Witte, Addie Dexter Witte, Gladys J. Witte,* and *Dexter Hathaway Witte* appeal from said judgment.

For the appellants there was a brief by *Winkler, Flanders, Bottum & Fawsett,* attorneys for *Robert Stewart Witte* and *Addie Dexter Witte,* by *R. Sinclair Witte,* guardian *ad litem* of *Gladys J. Witte* and *Dexter Hathaway Witte,* and by *James G. Flanders,* of counsel; a reply brief signed by *Winkler, Flanders, Bottum & Fawsett,* attorneys, and *James G. Flanders,* of counsel; and oral argument by *C. E. Monroe.*

For the respondent there was a brief by *Nath. Pereles & Sons,* attorneys, and *Charles S. Carter,* of counsel, and oral argument by *Mr. Carter.*

KERWIN, J. It is established without dispute that the deed in question was never delivered, hence never had vitality as a deed. No error was committed in allowing the amendment to the complaint setting up nondelivery of the deed. The main contention of the appellants is that, although the deed was void for want of delivery, it was valid as a will, and that they should have been permitted to amend their answer so as to set up the fact that the instrument was a will, and be protected by the judgment in their right to have the instrument probated. If the instrument was not testamentary in character, but in fact a deed, the denial of appellants' motion to amend becomes immaterial and could under no circumstances work prejudice. We are cited to a great many authorities by counsel on both sides and have examined them with care. Some of those cited by appellants are where the instruments were upon their face testamentary and showed that no interest was to pass until after the death of the maker, while in others the main point of controversy was whether any interest did in fact vest before death of the grantor, and whether a deed could take effect *in futuro.* There seems to be much apparent, if not real, confusion in the authorities as to when certain instruments are deeds or wills. In *Sharp v. Hall,* 86 Ala. 110, 112, 5 South. 497, the court says:

"There are few, if any, questions less clearly defined in the law books than an intelligible, uniform test by which to determine when a given paper is a deed and when it is a will. Deeds, once executed, are irrevocable, unless such power is reserved in the instrument. Wills are always revocable so long as the testator lives and retains testamentary capacity."

In all the cases which we have examined the instruments held to be wills bore upon their face, or together with writ-

ings which were part of them, some evidence of testamentary
character, and the sufficiency of such evidence coupled with
the formality of execution so as to comply with statutory re-
quirements for the execution of wills were the controverted
questions. *Sharp v. Hall, supra; Wareham v. Sellers,* 9
Gill & J. 98; *Smith v. Holden,* 58 Kan. 535, 50 Pac. 447;
*Burlington University v. Barrett,* 22 Iowa, 60; *Estate of
Longer,* 108 Iowa, 34, 78 N. W. 834; *McCourt v. Peppard,*
126 Wis. 326, 105 N. W. 809; *Lautenshlager v. Lauten-
shlager,* 80 Mich. 285, 45 N. W. 147; *Sartor v. Sartor,* 39
Miss. 760; *Nichols v. Chandler,* 55 Ga. 369; *Lauck v. Logan,*
45 W. Va. 251, 31 S. E. 986; *Bromley v. Mitchell,* 155
Mass. 509, 30 N. E. 83; *Estate of Kisecker,* 190 Pa. St. 476,
42 Atl. 886.    The foregoing cases show the character of the
instruments which have been held to be testamentary and en-
titled to probate as wills.    We have been cited to no case, and
have found none, where a deed plain and unambiguous on
its face conveying a present interest and unexplained by con-
temporaneous writing of a testamentary character was held to
be a will, while on the other hand we find authority directly
in point to the contrary.    *Clay v. Layton,* 134 Mich. 317, 96
N. W. 458; *Dodson v. Dodson,* 142 Mich. 586, 105 N. W.
1110; *Estate of Skerrett,* 67 Cal. 585, 8 Pac. 181.    We
have also examined a great number of cases which bear more
or less upon the question as corroborative of the foregoing,
some of which we call attention to.    *Mann v. Ex'rs of Mann,*
1 Johns. Ch. 231; *Cates v. Cates,* 135 Ind. 272, 34 N. E.
957; *Wilson v. Carrico,* 140 Ind. 533, 40 N. E. 50; *White
v. Hopkins,* 80 Ga. 154, 4 S. E. 863; *Bunch v. Nicks,* 50
Ark. 367, 7 S. W. 563; *Shackelton v. Sebree,* 86 Ill. 616;
*Wyman v. Brown,* 50 Me. 139; *Patterson v. English,* 71 Pa.
St. 454; *Turner v. Scott,* 51 Pa. St. 126; *Nichols v. Emery,*
109 Cal. 323, 41 Pac. 1089; *Estate of Ogle,* 97 Wis. 56, 72
N. W. 389; *Whitmore v. Hay,* 85 Wis. 240, 55 N. W. 708.
*Clay v. Layton, supra,* is directly in point.    There, as here,

the instrument was in form a deed conveying a present interest and containing on its face nothing of a testamentary character. The maker retained control of the instrument during his life, but left instructions for delivery to the grantee named after his death, and the instrument was held a deed and not a will. In discussing the subject in *Clay v. Layton, supra,* the court lays down the principles governing such cases, namely:

"(1) Those in which the testamentary intent is clearly deducible from the writing.

"(2) Those where the instrument is ambiguous, or of doubtful meaning.

"(3) Those where there is nothing to indicate a testamentary intent, but, on the contrary, the instrument is in terms plainly a deed."

The court held that in the first class there was no difficulty in holding the instrument a will; in the second that it might be interpreted in the light of the circumstances; and in the third that the instrument could not be contradicted and shown to be a will. The deceased left in a drawer which he controlled up to the time of his death a written instrument in the form of a deed with instructions to deliver it in connection with other papers upon his death, and stating that he left the matters in that form to avoid probate. The court said:

"These papers plainly provide in terms for a present transfer of property, and to show that a different intention existed would be to contradict them, and this cannot be done. We have examined many authorities where the question involved was whether papers in form deeds were testamentary in character, and it is a significant fact that not one has been found which supports the complainant's contention. In nearly every instance the question is solved from the writing itself, or, if not, the construction adopted is not contradictory to its provisions which are open to two interpretations. We have had difficulty in finding a case in which the exact point before us is raised, but it seems manifest that the same rule

that forbids the contradiction of an established will should forbid the contradiction of the same instrument as a means of establishing it as a will, when its terms plainly show it to be a deed conveying a present interest. It is only when the writing is of doubtful import that interpretation by the aid of extrinsic evidence becomes necessary, and in such case interpretation, not contradiction, is permissible."

We think the doctrine laid down in the foregoing case is sound in principle and in harmony with the great weight of authority. We hold that the deed in question could not be probated as a will; hence the judgment below was right and must be affirmed.

*By the Court.*—The judgment is affirmed.