JONES, Appellant, vs. CAIRD, Respondent.

*April 10—April 29, 1913.*

*Deeds: Delivery: Parent and child: Acceptance, when presumed: Conveyance to take effect after grantor's death: Will or grant? Revocation: Parol evidence of intention.*

1. When a father executes and causes to be recorded a deed of his land to his infant child and brings this to the knowledge of the child, and the grant is beneficial to the infant, and the latter thereafter makes claim to the land under the deed, its acceptance is presumed and the delivery is complete.
2. Such a deed in the ordinary form of a warranty deed, except that after the description of the property was inserted: "This deed is given upon the express condition that the title and posses-

sion of the property conveyed is not to pass during the life of the party of the first part, but is to be absolute at his death," is construed to be, not a testamentary disposition, but a grant of the land in fee simple to the grantee, to commence in possession and enjoyment after the death of the grantor, and hence not subject to revocation.

3. Such being the legal effect of the instrument, oral testimony of the grantor to the effect that he intended a testamentary disposition was incompetent and unavailing.

4. A conveyance of land in fee to take effect at a future time is valid in this state.

APPEAL from a judgment of the circuit court for Waupaca county: BYRON B. PARK, Circuit Judge. *Affirmed.*

The appeal is from a judgment dismissing the complaint of the plaintiff.

The plaintiff on November 29, 1899, being the owner of certain real property, executed to his daughter, then aged fifteen years, *Agnes B. Jones,* now the defendant *Agnes B. Caird,* and caused to be recorded in the office of the register of deeds of the proper county, a warranty deed of this real estate in ordinary form, except that it contained the following inserted after the description of the property:

"This deed is given upon the express condition that the title and possession of the property conveyed is not to pass during the life of the party of the first part, but is to be absolute at his death."

A preceding clause in the deed contained the ordinary words of conveyance to the defendant and her heirs and assigns forever. A *habendum* clause following the above quoted language reads: "To have and to hold the said premises as above described, with the hereditaments and appurtenances, unto the said party of the second part, and to her heirs and assigns forever." There was no other delivery of the deed, but the plaintiff informed his daughter that he had given her the land. The daughter grew up and married. The father, who was a widower at the time of making the deed, also married in September, 1900. He now seeks by this action to revoke this deed on the ground of nondelivery, and on the

further ground that it was in law an attempted testamentary disposition of the property and either void as such or revocable.    The learned circuit court dismissed the complaint.

The plaintiff offered oral evidence tending to show that at the time of the execution of this deed he was in fear of sudden death in one of the fainting spells to which he was subject and the deed executed for that reason for the purpose of protecting his daughter in case of such death, and that he intended the deed to act as a will.

For the appellant there was a brief by *E. L. & E. E. Browne* and *L. D. Smith,* and oral argument by *Mr. Smith.* They cited, among other cases, *Spencer v. Robbins,* 106 Ind. 580, 5 N. E. 726; *Bowdoin College v. Merritt,* 75 Fed. 480, 483; *Nichols v. Emery,* 109 Cal. 323, 41 Pac. 1089, 1091; *Ellis v. Pearson,* 104 Tenn. 591, 58 S. W. 318; *Sharp v. Hall,* 86 Ala. 110, 5 South. 497; *Smith v. Holden,* 58 Kan. 535, 50 Pac. 447; *Lautenshlager v. Lautenshlager,* 80 Mich. 285, 45 N. W. 147; *Lauck v. Logan,* 45 W. Va. 251, 31 S. E. 986; *Thomas v. Singer S. M. Co.* 105 Minn. 88, 117 N. W. 155; *Whitten v. McFall,* 122 Ala. 619, 26 South. 131; *Reed v. Hazleton,* 37 Kan. 321, 15 Pac. 177; *Powers v. Scharling,* 64 Kan. 339, 67 Pac. 820; *Leaver v. Gauss,* 62 Iowa, 314, 17 N. W. 522; *DeBajligethy v. Johnson,* 23 Tex. Civ. App. 272, 56 S. W. 95; *Turner v. Scott,* 51 Pa. St. 126; *Terry v. Glover,* 235 Mo. 544, 139 S. W. 337; *In re Kisecker's Estate,* 190 Pa. St. 476, 42 Atl. 886.

*D. W. McNamara,* for the respondent.

TIMLIN, J.    (1) When a father executes and causes to be recorded in the register's office a deed of his land to his infant child, brings this to the knowledge of the child, and the grant is beneficial to the infant, and the latter thereafter makes claim to the land under the deed, its acceptance is presumed and the delivery is complete.    *Whiting v. Hoglund,* 127 Wis. 135, 106 N. W. 391; *Cooper v. Jackson,* 4 Wis.

537; *Cerney v. Pawlot,* 66 Wis. 262, 28 N. W. 183; *North-western Mut. L. Ins. Co. v. Wright, ante,* p. 252, 139 N. W. 1078; *Arrington v. Arrington,* 122 Ala. 510, 26 South. 152; *Edlich v. Gminder,* 65 App. Div. 496, 72 N. Y. Supp. 885; *Hayes v. Boylan,* 141 Ill. 400, 30 N. E. 1041, 33 Am. St. Rep. 326; *Tobin v. Bass,* 85 Mo. 654; *Issitt v. Dewey,* 47 Neb. 196, 66 N. W. 288; *Chambers v. Chambers,* 227 Mo. 262, 127 S. W. 86, 137 Am. St. Rep. 567, 578; *Decker v. Stansbury,* 22 Am. & Eng. Ann. Cas. 227 and cases in note.

(2) A conveyance of land in fee to take effect at a future time is valid in this state. *Ferguson v. Mason,* 60 Wis. 377, 19 N. W. 420. Where a deed containing unlimited words of grant and the usual *habendum* clause also provided: "This conveyance is not to become absolute until after the decease of us both [grantors] . . . and then only on this condition," etc., this was considered a valid deed with a condition subsequent. *Drew v. Baldwin,* 48 Wis. 529, 4 N. W. 576. See, also, *Donnelly v. Eastes,* 94 Wis. 390, 69 N. W. 157. In construing deeds as in construing other contracts the fundamental inquiry is, "What was the intention of the parties?" *Barkhausen v. C., M. & St. P. R. Co.* 142 Wis. 292, 124 N. W. 649, 125 N. W. 680. The apparent intention here is to retain in the grantor all dominion and ownership over the land during his life consistent with an unconditional grant in fee simple, to become absolute or to "commence in possession and enjoyment" at his death. Secs. 2034, 2048, Stats. In order to hold that the grantor in this case did not intend such conveyance but did intend a testamentary disposition of his property, we must ignore the name and character of the instrument selected and executed by him, the recording thereof, the inconsistent covenants in that instrument, such as warranty, the mode of execution, and choose that construction which will make the instrument void because it is not executed with the proper formalities, rather than that which would make it valid. There is no evidence tending to show

that this was executed as a will should be. The law on this subject is well collected in a note to *Wilson v. Carrico,* 49 Am. St. Rep. 213 (140 Ind. 533, 40 N. E. 50). The quality of revocability attempted to be attached to this instrument rests upon the theory that it is in substance and effect a testamentary disposition. But if it is such it is void because not executed as required by law, and the question of revocation becomes immaterial. We cannot assume that the legal effect of this instrument is the same as that of a will and, treating that as a premise, conclude that it is a will. That is "begging the question." The question is rather, What is the legal effect which the grantor intended and the instrument tends to support? and in arriving at the answer it is a fair presumption that he intended something valid and effectual rather than something void and useless. The precedents in this court heretofore cited, as well as the following cases from other courts, suggest that this instrument should be construed as a deed carrying a grant in fee simple to the grantee, to commence in possession and enjoyment after the death of the grantor: *Dexter v. Witte,* 138 Wis. 74, 119 N. W. 891; *Cates v. Cates,* 135 Ind. 272, 34 N. E. 957; *White v. Hopkins,* 80 Ga. 154, 4 S. E. 863; *Graves v. Atwood,* 52 Conn. 512; *Webster v. Webster,* 33 N. H. 18, 66 Am. Dec. 705; *Wyman v. Brown,* 50 Me. 139.

(3) Giving the deed this construction, there is no repugnancy between the granting clause, the *habendum,* and the limitation of the commencement of the right to possession and enjoyment in the grantee.

(4) Such being the legal effect of the instrument, the oral evidence of the grantor to the effect that he intended a testamentary disposition was incompetent and unavailing. *Wheeler & W. M. Co. v. Laus,* 62 Wis. 635, 23 N. W. 17; *Kirch v. Davies,* 55 Wis. 287, 11 N. W. 689; *Schwalbach v. C., M. & St. P. R. Co.* 73 Wis. 137, 40 N. W. 579.

*By the Court.*—Judgment affirmed.